DuBignon, administratrix, vs. Backer & Cohen.

Where it is sought to take a proceeding against an administratrix to foreclose a mortgage, from under the bar of the statute of limitations of 1869, on the ground of a new promise by an administrator, it must appear that the bar had not attached before the death of the intestate.

Statute of limitations.    Administrators and executors. Before Judge Tompkins.    Glynn Superior Court.    November Term, 1877.

To the report contained in the decision, it is only necessary to add the following: Backer & Cohen, as tranferees of the mortgage, brought suit to foreclose it.    Mary A Du-Bignon, the surviving administratrix of the mortgagor, defended; one of the defenses was the statute of limitations of 1869.    The mortgage recites that the note which it was made to secure was payable " on request;" it was made in 1854.    There was no evidence as to when the mortgagor died, though it is stated in the petition to have been in Oc-tober, 1865.    It was sought to take the case out of the statute by reason of a draft given by one of the administrators on one Finney, for the debt.

Goodyear & Harris, for plaintiff in error, cited 49 *Ga.*, 441; 55 *Ib.*, 264; Code, §2542; 3 Ala., 599; 5 Harr. (Del.), 425; Code, §2933; 43 *Ga.*, 187; 57 *Ib.*, 531; Code, §2739; 25 *Ga.*, 675; 18 Cal., 160; 8 Blackf., 215; 4 Ind., 75; 9 Mass., 78; 11 Ala., 966; 41 Ill., 102; 36 *Ga.*, 538; 22 *Ib.*, 343; 20 *Ib.*, 94; 32 *Ib.*, 602; 34 *Ib.*, 245; 55 *Ib.*, 187 Dudley's R., 248.

JOHN M. GUERARD, by brief, for defendants, cited as follows : On new promise, Schley's Dig. 254 ; 14 Howard, 446, 455 ; 17 Queen's Bench, 104 ; 2 Smith's L. C., 315–16 and notes ; Code, §§2542, 2539, 2934.   On evidence, 1 Smith L. C. (6 Am. ed.) 874–5, 888–9 ; Code, §2316.   Construction of limitation act of 1869, 47 *Ga.*, 343 ; 50 *Ib.*, 382 ; 55 *Ib.*, 85 ; 57 *Ib.*, 531.

WARNER, Chief Justice.

This was an application by the petitioners as assignees of a mortgage deed executed by Felicite DuBignon to John DuBignon, on the 17th of August, 1854, to foreclose the same on the lands therein described, and a *rule nisi* for that purpose was duly served upon Mary A. DuBignon, the surviving administratrix of the said Felicite DuBignon, the other administrator, Henry R. DuBignon, having died. The application to foreclose the mortgage was made on the 27th of May, 1874.   The defendant pleaded the statute of limitations of 1869, in bar of the petitioners' right of foreclosure of the mortgage.   On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiffs.   A motion for a new trial was made on the grounds therein stated, which was overruled, and the defendant excepted.

This mortgage deed was executed prior to the first of June, 1865, and the plaintiffs' right to foreclose the same accrued to them prior to that date.   But it is sought to take this case out of the operation of the act of 1869, by a new promise to pay the debt, or at least by a recognition of the mortgage debt by one of the administrators of the deceased mortgagor, but it does not appear that the plaintiffs' right of action was not barred before the death of the intestate, there being no evidence in the record when she died.   See Code, §2542.   It will be noted that the act of 1869, is different from most statutes of limitations, in this, that it not only bars the plaintiffs' remedy by action, to enforce their mortgage debt after the first of January, 1870, but also bars their

*right* to do so. The plaintiffs are endeavoring to enforce the original contract made prior to 1865; they do not seek to enforce a new contract made since that time, based on the consideration of that original contract. In view of the facts as disclosed by the evidence in the record, the court erred in overruling the defendant's motion for a new trial.

Let the judgment of the court below be reversed.